## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ERIC M. BOHNE, individually and as | ) | |
| Trustee of the ERIC M. BOHNE | ) | |
| REVOCABLE FAMILY TRUST NO. 1, | ) | |
| and on behalf of all person similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 05-CV-0197-TCK-SAJ |
| | ) | |
| CLOSINGS OF TULSA, L.L.C., an | ) | |
| Oklahoma Limited Liability Company, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is the Motion of Heather Webster, Doug Pierce, Teri Pierce and Julie Cohenour to Intervene (Dkt. # 143). This proposed class action allegedly arises in the wake of an investigation by the United States Department of Housing and Urban Development ("HUD") for possible violations of RESPA, which prohibits the payment or acceptance of kickbacks or fees for the referral of "a real estate settlement service involving a federally related mortgage loan" and fee-splitting except for settlement services actually performed. 12 U.S.C. §§ 2607(a), (b). HUD entered into settlement agreements with the defendants on March 18, 2005.

Eric M. Bohne filed the action on April 11, 2005, based on alleged misconduct by defendants in connection with real estate transactions involving putative class members. Kevinn M. Donovan and four other individuals joined Bohne in filing the Amended Class Action Complaint on May 6, 2005. Subsequently, all of the named plaintiffs except Donovan were dismissed. See Order, Dkt. # 128. Certain defendants argued that Donovan filed a release of his claims, and moved for summary judgment on that basis, among others. The instant motion to intervene was filed

immediately after the briefing on the motion for summary judgment was complete, but before the class certification hearing.

The proposed intervenors assert that they are members of the proposed plaintiff class and willing to serve as its representatives.  They assert that the disposition of the action in their absence may impair or impeded their ability to protect their interests if the Court were to determine that Donovan, the sole remaining named plaintiff, released his claims and thus, is subject to dismissal. Defendants assert that the motion to intervene should be denied because (1) it is untimely, (2) the proposed intervenors have failed to show that their interest is not adequately represented by Donovan, and (3) the requested intervention will unduly delay and prejudice the adjudication of the defendants' rights.

Intervention in a federal civil case is authorized by Rule 24 of the Federal Rules of Civil Procedure.  It provides, in relevant part:

> **(a) Intervention of Right.**  Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

> **(b) Permissive Intervention.**  Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . .  In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24.  Except for the issue of timeliness, intervention as of right under Fed. R. Civ. P. 24(a)(2) is a question of law, while permissive intervention is a matter of discretion for the Court. E.g., Alameda Water & Sanitation Dist. v. Browner, 9 F.3d 88, 89-90 (10th Cir.1993) (applying a *de novo* standard of review to rulings on motions to intervene as of right and abuse of discretion

2

standard of review to rulings on permissive intervention); see also 7C Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure §1902 (2d ed. 1986).

Defendants argue that the motion to intervene is untimely because the proposed intervenors have had knowledge of the putative class action at least since July 12, 2005, when the proposed intervenors were disclosed as members of the putative class.  They also contend that the prospective intervenors did nothing for the next seven months while the defendants engaged in extensive discovery, submitted dispositive motions, and briefed the class certification issue.  The proposed intervenors argue that their motion is timely, and in any event, the law permits them to intervene in class actions even after the Court rules on the class certification issue.

Rule 24(a) does not impose a specific time limitation for intervention.  "The timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" Elliott Industries Ltd. Partnership v. BP America Production Co., 407 F.3d 1091, 1103 (10th Cir. 2005) (quoting Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1250 (10th Cir. 2001)).  Seven months is not a particularly long period of time, considering that the Court has not yet permitted discovery on the merits, and the significant issues to date have involved standing of the representative plaintiffs.  The circumstances of this case involve a proposed class action.  "Absent class members who learn of the pendency of a class complaint have several courses of action available to them:  (1) wait for final disposition; (2) enter an appearance through counsel; (3) seek to intervene formally; or (4) in Rule 23(b)(3) suits, exclude themselves and, if desired, commence independent actions." 5 Alba Conte & Herbert B. Newberg, Newberg on Class Actions, §16.6 at 146 (4th ed. 2002).

3

Granting intervention would not cause defendants to suffer undue prejudice. Defendants argue that permitting intervention would require discovery to be re-opened to determine the proposed intervenors' factual ability to meet the requirements of Fed. R. Civ. P. 23. Yet, if the Court were to deny class certification at this relatively early stage of the litigation on adequacy of representation grounds, see Fed. R. Civ. P. 23(a), intervention thereafter would be permissible and, indeed, should be encouraged for the purpose of finding an proper class representative. See 5 Newberg on Class Actions, ¶16.9 at 171-72. Discovery would have to be re-opened in any event. By contrast, denying intervention would cause the prospective intervenors to suffer undue prejudice because, although the statute of limitations is tolled by the filing of a class action complaint as to subsequent individual actions that may be brought after denial of class certification, the proposed intervenors could not "take advantage of the tolling period to commence a separate class suit after the expiration of the normal statute of limitations period." Id., § 16.11 at 182-86. The Court finds that the motion to intervene is timely.

Under Fed. R. Civ. P. 24(a)(2), prospective intervenors bear the burden of showing that the existing party or parties may represent their interests inadequately, but the burden is "minimal." San Juan County, UT v. United States, 420 F.3d 1197, 1211 (10th Cir. 2005) (citation omitted).

> An applicant may fulfill this burden by showing collusion between the representative and an opposing party, that the representative has an interest adverse to the applicant, or that the representative failed to represent the applicant's interest. . . . However, representation is adequate when the objective of the applicant for intervention is identical to that of the parties.

Id. at 1211-12 (quoting Coalition of Arizona/New Mexico Counties for Stable Econ. Growth v. Dep't of Interior, 100 F.3d 837, 844-45 (10th Cir. 1996)). The prospective intervenors assert that Donovan may not represent their interests adequately because, unlike them, he signed a release of his claims against the defendants and may be subject to dismissal. The Court agrees and will enter

4

a separate written order this date granting summary judgment against Donovan.  The proposed intervenors have established their entitlement to intervention of right.

Even if the proposed intervenors were unable to intervene by right, they could intervene permissively.  Permissive intervention is not precluded by a showing that the applicant's interest in adequately represented by existing parties.  See Fed. R. Civ. P. 24(b)(2).  Indeed, in the context of a class action, the prospective intervenors' claims are presumed to be the same as those of the named plaintiffs.  See Groves v. Ins. Co. of North America, 433 F. Supp. 877, 888-89 (E.D. Pa. 1977); Epstein v. Weiss, 50 F.R.D. 387, 395 (E.D. La. 1970).  Defendants' key objection to permissive intervention is undue delay or prejudice.  As set forth above, however, the motion is neither untimely nor unduly prejudicial to defendants.  The Court finds that the prospective intervenors may intervene permissively under Fed. R. Civ. P. 24(b)(2).

IT IS THEREFORE ORDERED that the Motion of Heather Webster, Doug Pierce, Teri Pierce and Julie Cohenour to Intervene (Dkt. # 143) is hereby granted.

Dated this 10th day of April, 2006.

TERENCE KERN
UNITED STATES DISTRICT JUDGE